[Filed December 21, 1891.]

## GIROUX AMALGAMATOR CO. v. J. C. WHITE.

PLEADING — CERTAINTY OF ALLEGATIONS OF CAUSE OF ACTION.— A complaint alleged plaintiff's corporate existence, and that defendant, desiring to induce it to locate its works at a certain place, subscribed for seven hundred shares of paid-up, non-assessable stock, at fifty cents a share, and gave notes therefor, payable to a bank to hold as his agent, the proceeds of which were to become plaintiff's property; that the cashier of the bank, acting for defendant, together with another, contracted with plaintiff that certain portions of the notes were to be paid as the work on certain buildings mentioned in the contract .progressed; that the buildings were completed, and by the contract two hundred and fifty dollars were due; that one share of the stock was to be delivered for each dollar paid by said notes, and, when all payments were made, the full amount subscribed for; that the stock was issued to defendant, and was delivered to, and was in the possession of, the bank as his agent; that defendant refused to pay the notes; and that two hundred and fifty dollars were due thereon. *Held,* that the complaint did not state with sufficient certainty any facts constituting a cause of action.

Baker county: M. D. CLIFFORD, Judge.

Plaintiff appeals. Affirmed.

This action was commenced in a justice's court. The defendant appeared and demurred to the complaint, but the demurrer was overruled by the justice, and judgment rendered in favor of the plaintiff, from which the defendant appealed to the circuit court. That court reversed the ruling of the justice, and sustained the demurrer, and entered judgment in favor of the defendant, from which the plaintiff has brought this appeal. Omitting the title, the complaint is as follows:

"That the plaintiff, at all dates and times herein mentioned, was and now is a private corporation, duly organized and existing under and by virtue of the laws of the state of Oregon, with its principal office and place of business at Portland, Oregon; that the defendant, on or about the first day of April, 1890, being then and there a resident and property owner of Baker City, Oregon, and desiring to induce the plaintiff to locate its works in said Baker City, Oregon, for that purpose, and to become a stock-owner in this company, duly subscribed for seven hundred shares of the paid-up, non-assessable capital stock of the Giroux Amalgamator Company, and promised and agreed to pay the plaintiff for said shares the sum of fifty cents per share, and the aggregate sum of three hundred and fifty dollars; that thereafter, and on or about the fourteenth day of April, 1890, this defendant, for the consideration of the location of said works at Baker City, Oregon, and the issuance and delivery of said shares of stock to this defendant, to be thereafter made, and to secure the payment of the said sum of three hundred and fifty dollars to this plaintiff, made, executed, and delivered to the First National Bank, a corporation of Baker City, Oregon, as agent for defendant in holding said notes, his eight certain promissory notes in writing, wherein and whereby he promised and agreed to pay to the said First National Bank in four of said notes the sum of sixty-two dollars and fifty cents each, and in four of said notes the sum of twenty-five dollars each, and interest thereon at the rate of ten per cent per annum from maturity until paid, which said notes became due by the terms thereof, sixty days, three months, four months, and five months and sixty days, three months, four months and five months, respectively, from and after the dates of said notes—a more particular description of which said notes plaintiff is unable to set forth, for the reason that said notes are not in the possession of plaintiff; that the sums of money set forth in said notes, and to be paid as aforesaid to said bank, were to be paid for said shares of stock so sub-

scribed for as aforesaid, and were, when so paid, to be the property of the plaintiff herein; that thereafter and on the twenty-fourth day of April, 1890, one J. H. Parker, the cashier and the duly authorized and acting agent of the defendant herein, and acting for the defendant, together with one C. W. James, entered into a written contract with the plaintiff, for defendant, wherein and whereby, among other things, he promised and agreed that the said notes should become due and payable as follows, to-wit: Six twenty-fifths of all sums set forth in said notes when all the lumber necessary to build the buildings as mentioned in said contract should be on the ground, said buildings to be according to plans and specifications set forth in said contract and made a part thereof; six twenty-fifths of all sums when the frames of said buildings were up and completed according to said plans, specifications, and contract; seven twenty-fifths of all said sums when all the machinery, except the Giroux amalgamator, was on the ground, according to said contract, plans and specifications; that plaintiff has fully complied with all the conditions of said agreement, and has fully completed said buildings according to said agreement, plans and specifications, and eighteen twenty-fifths of which said notes and the sums therein mentioned, to-wit, eighteen twenty-fifths of said sum of three hundred and fifty dollars, to-wit, two hundred and fifty dollars, have been and for a long time and now are due, payable and wholly unpaid; that by the terms of said contract, the said stock so subscribed for as aforesaid by defendant was to be delivered to defendant when each payment to the amount mentioned in said notes was paid, to-wit: one share of said stock for each dollar so paid, when each of said notes was paid, and when all payments were so made by defendant, the full amount so subscribed for; that on or about the first day of August, 1890, plaintiff issued said stock to defendant and delivered the said seven hundred shares of stock to the said First National Bank as agent of defendant herein, and for defendant, and said

shares of stock are now in the hands of said bank for defendant and subject to defendant's control; that on or about the first day of August, 1890, and on or before all of said notes became due, the defendant, then and at all times since, and now, conspiring with its agent, the said First National Bank, the holder of said notes, and intending to defraud the plaintiff, and to prevent the payment of the money mentioned in said notes, at all times refused and still refuses to pay said notes or any part thereof, and the said bank at all times refused and now refuses to collect the same, or to pay plaintiff the same or any part thereof; that at all times the said notes have been and now are in the possession and control of the defendant and his agent, the said bank, and have been at all times and now are beyond the possession and control of plaintiff; that the sum of two hundred and fifty dollars is now due and owing plaintiff from the defendant, and defendant neglects and refuses to pay the same."

The complaint concludes with a prayer for two hundred and fifty dollars, and for costs and disbursements.

*John M. Gearin, J. C. Moreland,* and *J. L. Rand,* for Appellant.

*T. C. Hyde,* and *Glenn O. Holman,* for Respondent.

STRAHAN, C. J.—The complaint is given in its entirety not "as a pattern to imitate, but as an example to deter." (Junius, XII Letter.) I have read it many times for the purpose of discovering somewhere, if possible, in its prolix statements, the ultimate facts constituting plaintiff's cause of action, required by the code to be stated, but am compelled to abandon the quest as useless. Grains of wheat cannot be gathered from such a mass of chaff.

The pleader, after showing the corporate existence of the plaintiff, alleges that the defendant was, on the first day of April, 1890, a resident and property owner of Baker City, Oregon, and was desirous of inducing the plaintiff to locate its works in said Baker City, and for that purpose, and to

become a stock owner in this company duly subscribed for seven hundred shares of the paid-up, non-assessable capital stock of the Giroux Amalgamator Company, and promised to pay the plaintiff for said shares the sum of fifty cents per share, and the aggregate sum of three hundred and fifty dollars.

It is not perceived that any legal conclusion or result is deducible from the statements that the defendant resided in Baker City, or that he desired to induce the plaintiff to ▮▮ its works there. Equally unsatisfactory is the description of the character of stock for which the defendant subscribed. Under the laws of this state, corporations issue no stock of the description given, but the defendant's promise to pay for it at the rate of fifty cents per share might aid the plaintiff were it not for the statements made in another part of the complaint modifying this promise. The next allegation simply places the defendant's notes in the hands of his agent, the First National Bank of Baker City, and the fact that they were made payable to the bank was of no consequence as long as the bank held them as the defendant's agent. Nor does it aid the plaintiff "that the sums of money set forth in said notes and to be paid as aforesaid were to be paid for said shares of stock so subscribed as aforesaid." It does not yet appear that said notes were to be paid "as aforesaid" or otherwise.

The agreement between "J. H. Parker, the cashier and the duly authorized and acting agent for the defendant herein, and acting for the defendant herein, together with one C. W. James," did not bind the defendant so far as appears from the complaint. It was Parker and James who "entered into a written contract with the plaintiff for the defendant." The defendant must have contracted before he could be bound. It is true, he might do it by one or more agents, duly authorized for that purpose, but it must purport to be his contract and not the contract of such agent. But waiving this objection, the promise was, that said notes should become due and payable as specified in

this alleged contract. It in no manner changed the plaintiff's relations to the notes. They are still held by the bank as the defendant's agent, "and now are in the possession and control of the defendant and his agent." Besides, this is not an action for damages for a breach of said last-named agreement, but for the recovery of the amount due for stock subscribed for in the plaintiff corporation. But the complaint leaves the question in a state of uncertainty as to how much the defendant was to each share. In one part of the complaint, it is "th of fifty cents per share," and in another part of defendant was to have "one share of stock for each dollar so paid." No court could very safely proceed to judgment with judicial certainty on statements like these.

We find no error in the judgment appealed from and the same is affirmed.